# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN HOOVER, | § § | |
| Plaintiff, | § § | No.: 3:19-CV-250 |
| | § | *Jury Trial Demanded* |
| vs. | § § | *Varlan/Poplin* |
| NORFOLK SOUTHERN RAILWAY COMPANY, | § § § | |
| Defendant. | § § | |

# ANSWER

For answer to the Complaint, the Defendant, Norfolk Southern Railway Company says as follows:

(1) It is admitted that Plaintiff brings this action pursuant to the Federal Employers Liability Act but it is denied Plaintiff would be entitled to any recovery whatsoever pursuant to the Act or under any theory.

(2) The allegations of Paragraph 2 of the Complaint are admitted.

(3) The allegations of Paragraph 3 of the Complaint are admitted.

(4) It is admitted that Plaintiff has worked for the Defendant since 1992 and continues to work in the capacity of a Carman. Plaintiff's duties included the inspection and repair of rail cars. The remaining allegations of Paragraph 4 of the Complaint are denied.

(5) The allegations of Paragraph 5 of the Complaint are admitted.

(6) At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

1

(7) Venue and jurisdiction is admitted.

(8) Again, it is admitted Plaintiff brings this action pursuant to the Federal Employers Liability Act but it is denied Plaintiff would be entitled to any recovery whatsoever pursuant to the Act or under any theory.

(9) The Defendant adopts its responses to the above Paragraphs.

(10) The allegations of Paragraph 10 of the Complaint are denied. The Defendant provided to the Plaintiff a reasonably safe place in which to work, reasonably safe tools and equipment, safe job procedures and Safety and Operational Rules and Instruction. It is admitted that Plaintiff's job description included, on occasion, mounting and dismounting stationary cars. It is further admitted that Plaintiff would occasionally change brake shoes, a relatively simple procedure. The remaining allegations of Paragraph 10 of the Complaint are denied or are otherwise preempted by Federal law including those allegations relating to stops.

(11) The allegations of Paragraph 11 of the Complaint are denied. It is denied Plaintiff's work activities contributed in any form or fashion to the development of any kind of physical condition as claimed.

(12) The allegations of Paragraph 12 of the Complaint are admitted. However, it is denied that Plaintiff's surgery was in any form or fashion related to Plaintiff's work activities for the Defendant and, to the contrary, represents a condition peculiar to the Plaintiff for which the Defendant would not be responsible.

(13) Plaintiff was allowed to return to work in March of 2018 following the submission of medical records from Plaintiff's healthcare providers allowing the Plaintiff to return to work with no restrictions.

(14) Again, Plaintiff's healthcare providers provided to the Defendant's Medical Department medical records and reports upon which the Defendant's Medical Department reasonably relied upon.

(15) It is admitted that Plaintiff claims that he was dismounting from a relatively new rail car, TDOX 640023, on April 4, 2018 at the Defendant's John Sevier Yard.

(16) The allegations of Paragraph 16 of the Complaint are denied and furthermore the allegations of this Paragraph are preempted by Federal law including 49 C.F.R. 231.7(c).

(17) At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint. In any event, if Plaintiff was injured as claimed, he was injured as a result of a physical condition peculiar to him for which the Defendant would not be responsible.

(18) Again, it is denied that the left knee condition was a condition for which the Defendant would be responsible in any form or fashion and represents a condition peculiar to the Plaintiff.

(19) The allegations of Paragraph 19 of the Complaint are denied.

(20) The allegations of Paragraph 20 and each of its subparagraphs are denied.

(21) Again, it is denied that Plaintiff's condition and injuries represent the Defendant's responsibility and took place as a result of a condition peculiar to the Plaintiff.

(22) The allegations of Paragraph 22 of the Complaint are denied.

(23) The charge of negligence is again denied. The remaining allegations of Paragraph 23 of the Complaint are denied.

(24) The charge of negligence is denied. The remaining allegations of Paragraph 24 of the Complaint are denied.

(25) The charge of negligence is denied. Plaintiff has returned to work and is engaging in his regular work activities on a regular and continuous basis. Accordingly, it is admitted that Plaintiff continues to work as an able-bodied man performing those duties incorporated in his job description as a Carman.

(26) The charge of negligence is denied. At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint.

(27) The allegations of Paragraph 27 and each of its subparagraphs are denied.

(28) It is denied Plaintiff would be entitled to any recovery whatsoever from the Defendant, Norfolk Southern Railway Company.

## SECOND DEFENSE

(29) The Complaint fails to state a claim upon which relief can be granted under any theory.

## THIRD DEFENSE

(30) Plaintiff's Complaint, insofar as it is contended to relate to the claims made in Paragraph 10, are barred pursuant to the Three Year Employers Liability Act Statute of Limitations or otherwise time barred.

## FOURTH DEFENSE

(31) Plaintiff's claim of injury relating to his knees were and continue to be caused by a physical condition peculiar to him for which the Defendant would not be responsible.

## FIFTH DEFENSE

(32)　In the event Plaintiff has been injured as claimed in Paragraph 10 of the Complaint and his claim that on April 4, 2018 he was injured while dismounting a car, arise from negligent acts and negligent omissions to act on his part and his failure to follow the Defendant's Safety and Operational Rules and Safety Instructions promulgated for his own benefit and protection.

## SIXTH DEFENSE

(33)　The sole, only, proximate and 100% cause of Plaintiff's alleged injuries that alleged took place on April 4, 2018, were multiple negligent acts and omissions to act on his part and/or a condition peculiar to him for which the Defendant would not be responsible.

## SEVENTH DEFENSE

(34)　Although the Defendant denies that it was negligent in any form or fashion as claimed in connection with Plaintiff's alleged injury of April 4, 2018, Plaintiff was contributorily negligent as described above in reduction of his damages.

## EIGHTH DEFENSE

(35)　Responding to Paragraph 10 of the Complaint, the sole, only, proximate and 100% cause of Plaintiff's alleged injuries are as follows: a condition peculiar to the Plaintiff for which the Defendant would not be responsible; his failure to exercise due and reasonable care for his own safety and protection; his violation of various safety rules and instructions promulgated for his own safety and protection; his failure to maintain a reasonably healthy lifestyle including, but not limited to, his failure to maintain a reasonable weight together with his unreasonable use of tobacco products and other factors leading to a deterioration of his health including his knees.

## NINTH DEFENSE

(36) Plaintiff's claims are preempted and/or precluded by Federal law including, but not limited to 49 C.F.R. 231.7(c).

## TENTH DEFENSE

(37) The Defendant reserves the right to rely upon the defenses of set-off and/or failure to mitigate on the part of the Plaintiff if such defenses are warranted by the evidence.

## ELEVENTH DEFENSE

(38) It is denied Plaintiff would be entitled to any recovery for any medical expense as a result of his alleged condition or conditions insomuch as all of his medical expenses would have been paid by and through his employer, Norfolk Southern Railway Company pursuant to a contract between the Plaintiff's Union and the Defendant. Under no circumstances would the Plaintiff be entitled to a double recovery for medical expenses.

## TWELFTH DEFENSE

(39) Plaintiff's claims that he was required to walk on ballast is preempted and precluded by 49 C.F.R. § 213.103.

## THIRTEENTH DEFENSE

(40) At all times material, the Defendant provided to the Plaintiff a reasonably safe place to work and reasonably safe tools, equipment, and machinery with which to work.

## FOURTEENTH DEFENSE

(41) The Defendant, after engaging in discovery procedures, reserves the right to rely on the defense of *estoppel*.

## FIFTEENTH DEFENSE

(42)     The Defendant, Norfolk Southern Railway Company, with the Court's permission, reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendant, Norfolk Southern Railway Company prays that it be dismissed and demands trial by jury.

BAKER, O'KANE, ATKINS & THOMPSON, PLLP

S/  John W. Baker, Jr., Esq., BPR #001261
Emily L. Herman-Thompson, Esq., BPR #021518
*Attorneys for Defendant*
2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600-Office
(865) 637-5608-Fax
E-Mail: jbaker@boatlf.com
E-Mail: ethompson@boatlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on *August 13, 2019,* a copy of the foregoing *Answer*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr., Esq.